IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

DAWN M. AUFFARTH,                          *

    Plaintiff                          *

        v.                       *       CIVIL NO.: WDQ-08-1399

NATIONWIDE MUTUAL INSURANCE CO.,           *

    Defendant.                          *

  *    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

Dawn Auffarth sued Nationwide Mutual Insurance Company for breach of contract and other claims.  Nationwide counterclaimed for breach of contract.  For the following reasons, Nationwide's motions to set the order of proof at trial and limit the trial to issues not previously resolved will be granted, and its motion to bar Auffarth from re-litigating damages claims will be granted in part and denied in part.

I.   Background

Auffarth, a Nationwide insurance agent in Phoenix, Maryland, sued Nationwide in the Circuit Court for Baltimore City for breach of contract and related claims in 2008.  ECF No. 2.  Nationwide removed and counterclaimed for breach of contract.  ECF Nos. 1, 11.  On September 19, 2008, the Court dismissed all but Auffarth's declaratory judgment and breach of contract claims.  ECF No. 32.  On June 30, 2010, the Court

granted Nationwide's motion for summary judgment on the two remaining claims against it and on its counterclaim for breach of contract. ECF No. 70. In that opinion, the Court held that there was a valid contract, Nationwide had performed its contractual duties, Auffarth had breached the contract, and Nationwide had not waived the amounts due under the contract. ECF No. 70 at 14-20. The Court also noted that all but about $122,000 "appears to have been recouped by Nationwide's commission deductions." *Id.* at 21 (*citing* ECF No. 51 Attach. 1 at 2). On August 30, 2011, the Court denied Nationwide's motion for summary judgment on damages. ECF No. 84.

On December 22, 2011, Nationwide moved to bar Auffarth from re-litigating issues resolved by summary judgment, ECF No. 96, and her claims for damages, set-off, and recoupment, ECF No. 97, and to set the order of evidence at trial, ECF No. 98. Auffarth has not responded to the motions but addressed many of Nationwide's arguments in the jointly proposed pretrial order. ECF No. 89.

II.  Analysis

A.   Issues at Trial

Nationwide moves to limit trial evidence to damages due Nationwide. ECF No. 96. Auffarth contends that the Court's August 30, 2011 denial of summary judgment on damages "opened up issues" previously resolved. ECF No. 89 at 13.

2

The Court's August 30, 2011 opinion did not affect the earlier rulings.  The Court held that: (1) it had previously determined that Nationwide was entitled to damages; (2) Ohio law governs the award of damages; (3) "as a matter of law, Nationwide is entitled to prejudgment interest on the RAE"; (4) on March 13, 2006, $184,627 became due and subject to prejudgment interest; (5) on May 31, 2007, $92,313 became due and subject to prejudgment interest; (6) it was disputed whether Ohio's statutory interest rate or Nationwide's "service fee" governed the rate of interest; and (7) the Court could not "compute how each commission deduction--which included the possibly improper servicing fee--should offset the remaining principal balance on which prejudgment interest may continue to accrue."  ECF No. 83 at 11-15.

Nationwide has stipulated that as of April 30, 2011, "the total amount paid by Auffarth to Nationwide was $307,439.28" in commissions deductions with service fees.  ECF No. 89 at 9.

The only issues remaining are: (1) whether Ohio's statutory interest rate supersedes Nationwide's servicing fee,[1] and (2) whether and how much the commission deductions offset the

---

[1] In the jointly proposed pretrial order, Nationwide agreed to "accept prejudgment interest calculated at the [Ohio] statutory rate of four percent."  ECF No. 89 at 8.  Accordingly, the rate of interest should not be disputed at trial.  However, Auffarth did not respond to Nationwide's willingness to accept the four percent rate and in the pretrial order, requested a stipulation that Ohio's interest rate was higher.  *Id.*

balance due.  Accordingly, the parties will not be permitted to present evidence on liability--Auffarth's or Nationwide's--, waiver of the contract amount or prejudgment interest, the allegedly improper rejection of Auffarth's $150,000 check, damages *against* Nationwide, or any other issue not relevant to the remaining dispute.

B.   Auffarth's Claims for Set-Off and Recoupment

Nationwide moved to bar Auffarth from litigating her claim for damages and any set-off or recoupment of the contract's value.  ECF No. 97.  As discussed above, at trial Auffarth will not be permitted seek damages from Nationwide.  Nationwide contends that Auffarth waived set-off and recoupment of the contract value because she did not plead them as affirmative defenses.  *Id*. at 2.

Generally, affirmative defenses must be pled in an answer or they are waived.  Fed. R. Civ. P. 8(c).  Although Auffarth did not plead payment in her answer to the counterclaim, she referred to her claims as affirmative defenses.  ECF No. 20. Auffarth alleged that Nationwide "has deducted $4,269.99 from [her] commissions . . . to pay the obligation Nationwide . . . contends Auffarth owes to it."  ECF No. 2 ¶31.  On August 23, 2010, Nationwide stated that it sought "a minimum judgment of $307,439.01 (*less credits for sums paid*)."  ECF No. 73 at 4 (emphasis added).  As the parties and the Court have recognized

4

that some portion of the debt has been paid, Auffarth may present the deductions as evidence of recoupment.  Nationwide's motion to bar re-litigation of damages claims will be granted as to evidence that Auffarth is entitled to damages, and denied as to evidence of recoupment or set-off against Nationwide's damages.

C.   Order of Proof at Trial

Nationwide seeks clarification of the order of proof at trial.  ECF No. 98.  Although Auffarth is the plaintiff, the court "has wide discretion to set the order of proof" and "[o]rdinarily . . . extends the privilege of opening and closing the case to the party that has the burden of proof."  *Anheuser-Busch, Inc. v. John Labatt, Ltd.,* 89 F.3d 1339, 1344 (8th Cir. 1996) (*citing Martin v. Chesebrough-Pond's, Inc.,* 614 F.2d 498, 501 (5th Cir. 1980)).[2]  Here, Nationwide--the defendant and counterclaim plaintiff--will bear the burden of proof on damages--the only issue that will be tried.  Accordingly, Nationwide will present evidence first, and will have rebuttal after Auffarth rests.

III. Conclusion

For the reasons discussed above, Nationwide's motions to bar evidence of issues resolved in summary judgment and to set

---

[2] *See also Coryn v. O.C. Seacrets, Inc.,* No. 08-2764, 2011 WL 3240456, *4 (D. Md. Jul. 27, 2011); *Velos Grp. v. Centocor, Inc.,* No. 92-2722, 1997 WL 893863, *2 (D. Md. Sep. 12, 1997).

the order of proof will be granted; its motion to bar evidence
of damages will be granted in part and denied in part.

_____
Date

_____
William D. Quarles, Jr.
United States District Judge