IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

DAWN M. AUFFARTH,                        *

    Plaintiff                        *

                          *

       v.                    CIVIL NO.: WDQ-08-1399

                          *

NATIONWIDE MUTUAL INSURANCE CO.,

                          *

    Defendant.

                          *

*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

Dawn Auffarth sued Nationwide Mutual Insurance Company
("Nationwide") for breach of contract and other claims.
Nationwide counterclaimed for breach of contract.  For the
following reasons, Auffarth's motion to amend the judgment will
be denied.

I.   Background

Auffarth is a Nationwide insurance agent.  Tr. at 8:8-14.
On April 1, 2005, she entered into a "Replacement Agency
Executive Performance Agreement" (the "RAE") with Nationwide,
under which Nationwide assigned her the rights to service
policies of two retiring agents.  ECF No. 51-7, Ex. 1 [here-
inafter "RAE"] (sealed).[1]  Auffarth was to pay Nationwide

---

[1]   The RAE states that it is governed by Ohio law.  RAE Art. 13.
The effective date of the RAE was April 1, 2005.  *Id.*, Art. 2.
The RAE continued "until [Auffarth] satisfie[d] the Second
Payment" and that "[e]xcept as otherwise indicated . . . , in
the event of cancellation or termination of [the RAE] . . .

$276,940.00 for the servicing rights.  RAE Arts. 2,3,5,7.

Auffarth did not make the required payments or sign the loan

documents.  *See* ECF No. 55-4, Ex. 29.

In April 2008, Nationwide sent Auffarth a "final notice" of

her "unfunded RAE commitment."  Pl's Ex. 2 at 2.  A commission

deduction schedule was attached to the letter, which showed that

over the course of 72 bi-weekly commission deductions, Auffarth

would pay a total servicing fee of $30,498.01--$423.58 per

deduction.  *Id.* at 3.[2]  Auffarth did not agree to the servicing

fee.  Tr. 34:9-16.  Auffarth did not pay the full remaining

balance, and on April 15, 2008, Nationwide began commission

deductions.[3]  Def's Ex. 1A at 3.

On May 21, 2008, Auffarth sued Nationwide in the Circuit

Court for Baltimore City for breach of contract and related

claims.  ECF No. 2.  Nationwide removed and counterclaimed for

breach of contract, seeking "in no event less than $500,000 plus

interest."  ECF No. 1; ECF No. 11 ¶21.

---

[Auffarth] remain[ed] responsible for any financial obligation
[she] incurred in relation to [the RAE]."  *Id.*, Art. 2.
Finally, the RAE stated that "[i]n addition to all other
remedies that it may pursue Nationwide shall have the right to
recapture any amount due to [it] from any future compensation
due to [Auffarth]."  *Id.*, Art. 12.

[2] The servicing fee was taken in lieu of interest.  Tr. 25:2-4,
26:10-12.

[3] Auffarth testified that the first deduction was reflected in
her paycheck dated May 15, 2008.  Tr. 48:10-13.

On September 19, 2008, the Court dismissed all but
Auffarth's declaratory judgment and breach of contract claims.
ECF No. 32.  On June 30, 2010, the Court granted Nationwide's
motion for summary judgment on the two remaining claims against
it and on its counterclaim for breach of contract.  ECF No. 70.
The Court held that: the RAE was a valid contract; Nationwide
had performed its contractual duties; Auffarth had breached the
contract; and Nationwide had not waived the amounts due under
the contract.  ECF No. 70 at 14-20.[4]

On August 30, 2011, the Court denied Nationwide's motion
for summary judgment on damages.  ECF No. 84.  The Court held
that: it had previously determined that Nationwide was entitled
to damages; Ohio law governs the award of damages; "as a matter
of law, Nationwide is entitled to prejudgment interest on the
RAE"; on March 13, 2006, $184,627 became due and subject to
prejudgment interest; on May 31, 2007, $92,313 became due and
subject to prejudgment interest; it was disputed whether Ohio's
statutory interest rate or Nationwide's "service fee" governed

[4] As of June 30, 2010, Nationwide had collected $200,013 in
principal and $22,026.62 in service fees.  *See* Pl's Ex. 2 at 3;
Tr. 5:13-15.  On April 30, 2011, Nationwide made its last
deduction from Auffarth's pay.  Tr. 5:13-15.  By the Court's
calculation, if Nationwide took bi-monthly deductions from
Auffarth's commissions from April 15, 2008 to April 30, 2011,
Nationwide would have made 74 deductions, not 72, totaling
$315,979.26.  However, Auffarth testified that Nationwide only
made 72 deductions.  Tr. 59:21-24.  Nationwide deducted
$307,439.28 from Auffarth's paychecks in 72 installments of
$4,269.99 each.  Tr. 59:21-24, 60:10-17; ECF No. 109 at 2.

the rate of interest; and the Court could not "compute how each commission deduction--which included the possibly improper servicing fee--should offset the remaining principal balance on which prejudgment interest may continue to accrue." ECF No. 83 at 11-15.

Ohio's statutory interest rate is 4% simple interest. Tr. 6:1-18. Nationwide stipulated that the 4% statutory rate should be used to calculate interest on the RAE debt, rather than the servicing fee that it had used. ECF No. 89; Tr. 60:18-21, 61:3-8.[5] Auffarth did not argue that Nationwide should be estopped from seeking additional prejudgment interest based on prior statements it made in this action.

A bench trial was held on January 13, 2012.[6] ECF No. 103. Nationwide sought $1982.00 in prejudgment interest. Dippel

---

[5] Each party calculated prejudgment interest on the RAE debt. Def.'s Ex. 1a, 1b; Pl.'s Ex. 1-b, 1-c. Contrary to the Court's prior order, Auffarth's calculations assumed that the full balance became due, and interest began to accrue, on May 1, 2008. Pl.'s Ex. 1-b, 1-c.

[6] On November 4, 2011, the parties submitted a jointly proposed pretrial order in which Auffarth argued that she had not breached the RAE, Nationwide had breached the RAE, she was entitled to compensatory damages, Nationwide had waived its right to any prejudgment interest, the servicing fees were improper, and the RAE principal amounts became due on April 1, 2008. ECF No. 89 at 1-3. Auffarth did not argue that Nationwide should be barred from seeking "more than they originally requested from the Court in their reply brief on damages"--which she now contends. *Compare* ECF No. 89 (jointly proposed pretrial order) *with* ECF No. 118 at 2 (motion to amend the judgment).

4

testified that she calculated that amount based on 4% simple interest, calculated daily. Def's Ex. 1b; Tr. 29:1-11. Auffarth argued that she had not consented to the servicing fee, and Nationwide should have accepted the checks she wrote them. Tr. 34:8-16, 37:1-12. She did not contend that Nationwide should be estopped from seeking more than $307,439.01. *See id.*

Nationwide's counsel, Patricia McHugh Lambert, Esq., asked Auffarth on cross-examination if she understood that "Nationwide would be satisfied with the servicing fee amount . . . and therefore not charging you any additional amounts if you consented to that amount." Tr. 61:3-6. Auffarth responded that she had not "consented to anything." Tr. 61:7.

On March 5, 2012, the Court ordered the parties to submit new calculations of prejudgment interest.[7] ECF No. 108. Auffarth repeated her arguments that Nationwide is not entitled to any prejudgment interest or a servicing fee, and she, rather than Nationwide, should be awarded damages. ECF No. 111. On June 1, 2012, the Court entered judgment in favor of Nationwide for "$276,940.00, plus $32,481.57 in pre-judgment interest."

---

[7] The calculations submitted at trial and with the proposed findings of fact were unreliable because they contained errors. For example, Auffarth assumed that interest did not accrue until May 1, 2008, contrary to the Court's August 30, 2011 opinion. *See* ECF No. 83 at 14. Nationwide's calculations assumed that more than 72 deductions were made from Auffarth's pay. *See* ECF No. 111 at 2. Neither party offered an expert at trial to verify the accuracy of the calculations, and neither stipulated to the accuracy of the other's calculations. *See* Tr.

ECF No. 116.  The Order noted that "Nationwide has collected $307,439.00," so it awarded Nationwide "the remaining pre-judgment interest, in the amount of $1,982.00."  *Id.*

On June 28, 2012, Auffarth moved to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).  ECF No. 118.  For the first time, she argued that "in its briefs on damages, Nationwide stated that it was seeking $307,439.01, [and] Nationwide should be awarded a judgment of not a penny more than [it] originally requested . . . in [its] reply brief on damages."  ECF No. 118 at 1-2.  Nationwide opposed the motion.  ECF No. 121.

II.  Analysis

A.  Standard of Review

Under Rule 59(e), the Court will grant a motion to alter or amend an earlier judgment "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).  "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."  *Id.*

B.   Auffarth's Motion

Auffarth presents no new evidence or changes in controlling law.  *See* ECF No. 118.  Nor does she argue that there has been a "clear error of law"[8]--she cites no caselaw in her motion and reply.  *See id.*; ECF No. 123.  She raises a new argument, which she had several opportunities to raise before judgment was entered.

After Nationwide offered to calculate prejudgment interest using Ohio's 4% interest rate in lieu of the servicing fees,[9] Auffarth did not argue that Nationwide should receive no more interest than the total servicing fee.  *See* ECF No. 89.  When Nationwide discussed the proposed calculations at trial and submitted exhibits and proposed findings of fact seeking an additional $1982,[10] Auffarth did not argue that Nationwide should be limited by its prior statements that it sought $307,439.01.  *See* Tr.; ECF No. 106 (Auffarth's proposed findings of fact).  Rule 59(e) does not authorize relief based on Auffarth's late arguments.  *See Pac. Ins. Co.*, 148 F.3d at 403.

Had Auffarth properly raised the issue, Nationwide would not be barred from obtaining the $1982.  In its counterclaim,

---

[8] *Pac. Ins. Co.*, 148 F.3d at 403.

[9] ECF No. 89.

[10] Tr. 60:18-21, 61:3-8.

Nationwide sought damages for breach of the contract, *plus interest*. ECF No. 11 ¶21. Thus, Auffarth's argument that Nationwide "originally requested" $307,439.01, and waived prejudgment interest, is incorrect.[11] Not even the amount sought in the complaint limits a claimant's damages: all judgments other than default judgments "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings," Fed. R. Civ. P. 54(c); Nationwide's statement in its reply brief did not limit the relief to which it is entitled.

III. Conclusions

For the reasons stated above, Auffarth's motion to amend the judgment will be denied.

\_\_\_\_8/9/12_____                 _____
Date                                                           William D. Quarles, Jr.
                                                               United States District Judge

---

[11] The Court has previously rejected Auffarth's argument that Nationwide waived entitlement to all prejudgment interest. *See* ECF No. 83 at 13 (noting that Nationwide is entitled to prejudgment interest).